UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANO DIONEL MORENO RODRIGUEZ (A-234-995-315),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-03715 DC AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Also pending before the court are respondent's motion to dismiss and petitioner's emergency motion to expedite ruling. ECF Nos. 6, 11.

For the reasons discussed below, the undersigned recommends petitioner's petition be granted, respondent's motion to dismiss be denied, petitioner be immediately released, respondent be enjoined from unlawfully re-arresting or re-detaining petitioner, and petitioner's motion to expedite be denied as moot in light of this recommendation.

////

////

I. Factual Background[1]

Petitioner is a citizen of Mexico who entered the United States without inspection on an unknown date. ECF No. 6-1 at 6. He was granted employment authorization on December 20, 2024. Id. at 8; ECF No. 9 at 8. On February 19, 2026, Border Patrol agents conducting a roving patrol operation in Fort Lauderdale, Florida, ran a records check on petitioner's vehicle, which showed the registered owner did not possess valid immigration documentation. ECF No. 6-1 at 7. The agents conducted a stop, and petitioner was arrested without incident and charged as removable under section 240 of the Immigration and Nationality Act ("INA"); 8 U.S.C. 1229a. Id.

Petitioner's application to adjust status (Form I-485) was denied on March 11, 2025. Id. at 2-4. An immigration judge issued a decision on May 20, 2026, ordering removal, which petitioner has appealed. ECF. No. 8. His appeal is currently pending before the Board of Immigrations Appeals ("BIA").[2] Petitioner has remained in immigration detention without an individualized bond hearing since his arrest. ECF No. 1 at 1; ECF No. 6 at 1.

II. Procedural History

On May 14, 2026, the court received petitioner's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, which challenges the lawfulness of his detention. ECF No. 1. By Minute Order dated May 18, 2026, respondent was directed to respond to the petition. ECF No. 4. On June 1, 2026, respondent filed a response, styled as a motion to dismiss the petition. ECF. No. 6.[3] Petitioner filed a reply and has since filed a motion for expedited ruling. ECF Nos. 9, 11.

---

[1] In response to the petition, respondent did not deny petitioner's factual allegations. Accordingly, the facts contained in the petition are deemed admitted and will be relied upon unless the record reflects contrary facts. See ECF No. 6; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

[2] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited Aug. 17, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[3] Although styled as a motion to dismiss, respondent requests that the court deny the petition for writ of habeas corpus on the merits and does not present any grounds for dismissal. ECF No. 6.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

A. Overview

Petitioner asserts that his continued detention without a bond hearing is unlawful and a violation of the Due Process Clause. ECF No. 1 at 1-2. By way of relief, petitioner requests that the court issue a writ of habeas corpus; order his release, under reasonable conditions of supervision, if appropriate; order respondent to provide "an immediate and meaningful bond hearing before an immigration judge"; and grant such additional relief that it deems just and proper. Id. at 2.

In response, respondent contends that petitioner is an "applicant for admission," subject to mandatory detention under 8 U.S.C. § 1225(b).[4] ECF No. 6 at 1-2 (citing, *inter alia*, Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026); Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cit. 2026)). Respondent asserts that petitioner "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." Id. at 2 (citing, *inter alia*, DHS

[4] It is undisputed that there is no final order of removal for petitioner. See ECF Nos. 1, 6, 8, 9.

v. Thuraissigiam, 591 U.S. 103 (2020)). Accordingly, respondent contends that the petition should be denied because petitioner does not have a liberty interest, and his detention is mandated by statute. Id. Respondent requests in the alternative that the court hold this matter in abeyance pending the Ninth Circuit Court of Appeals' decision in Rodriguez Vazquez v. Bostock, No. 25-6842. For the reasons discussed below, respondent's arguments are without merit.

B. Detention Authority

As an initial matter, after this case was fully briefed, the Ninth Circuit held that noncitizens present without admission who are apprehended in the *interior* of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are eligible for release on bond pending removal proceedings. Rodriguez Vazquez, __ F.4th __, 2026 WL 2196424, at *10, 26 (affirming the district court's decision on the basis of longstanding statutory interpretation principles, agency practice, and legislative history). This ruling is consistent with this court's prior decisions. See Sharma v. Warden of Golden State Annex, No. 1:25-cv-1861 AC, 2026 WL 1162718, at *4 (E.D. Cal. Apr. 29, 2026) (explaining that "courts, including this court, have . . . repeatedly and overwhelmingly concluded that when a noncitizen is detained within the *interior* of the United States, the appropriate detention statute is 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)" and collecting cases).

Here, it is undisputed that petitioner entered the United States without inspection at an unknown place and time and resided within the interior of the United States until he was detained on February 19, 2026. ECF No. 6; ECF No. 6-1 at 6-8. While the record is sparse, the submitted documents support that petitioner has resided in the United States since at least 2024. ECF No. 6-1 at 8; ECF No. 9 at 3-5.[5] Accordingly, the undersigned rejects respondent's argument that petitioner is subject to mandatory detention and finds petitioner's detention is governed by § 1226(a).

////

[5] The Form I-230 submitted by respondent also reflects that petitioner was arrested for a nonmoving traffic violation (operating a motor vehicle without a valid license) in an adjacent Florida county in 2011, so petitioner may have resided within the United States for longer. See ECF No. 6-1 at 8.

C. Fifth Amendment Due Process Clause Claim

The Fifth Amendment Due Process Clause protects persons in the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001) (citations omitted). These due process rights extend to immigration proceedings, including detention and deportation proceedings. Id. at 693-94; see also Demore v. Kim, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first is to determine whether there exists a protected liberty interest under the Due Process Clause, and the second is to examine the procedures necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

i. Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Yovani M.D. v. Warden of the Central Valley Annex Detention Facility, No. 1:26-cv-05648 TLN AC, 2026 WL 2168402, at *3 (E.D. Cal. July 27, 2026) (quoting Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025)).

Respondent does not dispute that petitioner has been living within the United States for years, was granted authorization to work lawfully in this country, and has family and employment ties to the community. ECF No. 6-1 at 8-9; see also ECF Nos. 1, 6, 9. Petitioner therefore has a clear liberty interest in his continued freedom from detention that is protected by the Due Process Clause.

Petitioner's liberty interest is not defeated by respondent's assertion that he is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). ECF No. 6 at 1-2.

As set forth above, petitioner's detention is governed by the discretionary detention scheme under § 1226(a), not § 1225(b)(2). Rodriguez Vazquez, 2026 WL 2196424, at *10, 26. His detention is therefore not mandatory.

Moreover, petitioner's liberty interest is not defeated by respondent's misplaced reliance on Thuraissigiam. See ECF No. 6 at 2. In Thuraissigiam, the Supreme Court held that a noncitizen who enters or attempts to enter the country illegally "has only those rights regarding *admission* that Congress has provided by statute." 591 U.S. at 140 (emphasis added). As this court has previously explained, Thuraissigiam's holding is inapplicable in the instant § 2241 habeas petition because petitioner is challenging the constitutionality of his *detention* pending the conclusion of his removal proceedings, not his *admissibility* into this country. Gholami v. Chestnut, No. 1:25-cv-1644 DAD DMC, 2025 WL 3640675, at *2 n.5 (E.D. Cal. Dec. 16, 2025); Kandola v. Warden of California City Det. Facility, No. 1:26-cv-2714 DAD SCR, 2026 WL 1243464, at *2 n. 2 (E.D. Cal. May. 6, 2026)). Further, Thuraissigiam addressed an individual who was arrested mere yards from the border shortly after entering the United States without inspection, not an individual like petitioner who has established meaningful ties to the United States. See Thuraissigiam, 591 U.S. at 107 ("Respondent attempted to enter the country illegally and was apprehended just 25 yards from the border").

ii. Procedures Required

Having determined that a liberty interest exists, the court must now examine what process is due. See Kentucky Dep't of Corrs., 490 U.S. at 460 (the court "first asks whether there exists a liberty or property interest which has been interfered with" and then "examines whether the procedures attendant upon that deprivation were constitutionally sufficient"). To determine what process is due, the court considers three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Due process rights in the immigration context

"must account for the government's countervailing interests in immigration enforcement." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

With respect to the first Mathews factor, petitioner has a strong private interest in remaining free from detention. See Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."). Petitioner has lived within the United States for multiple years prior to his detention, during which time he has obtained gainful employment, developed family ties, and provided financial and domestic support to his family residing in the United States. ECF Nos. 1, 6-1, 9. Accordingly, this factor weighs in petitioner's favor.

Considering the following—that petitioner has been detained for six months without a hearing before a neutral adjudicator to determine whether civil detention is justifiable, petitioner is not subject to a final order of removal, and respondent has not asserted that petitioner presents a risk of flight or danger to the community, nor has a neutral arbiter made such a determination—the second factor, risk of erroneous deprivation, is high. Yovani M.D., 2026 WL 2168402, at *4 (quoting Zadvydas, 533 U.S. at 690) ("Because civil immigration detention is 'nonpunitive in purpose and effect,' a 'special justification' must outweigh [p]etitioner's protected liberty interest in order for detention to comport with due process."); see Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) (finding that "the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions"); R.D.T.M. v. Wofford, No. 1:25-cv-01141 KES SKO, 2025 WL 2617255, at *6 (E.D. Cal. Sept 9, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community." (alteration in original) (citations omitted)). Accordingly, this factor also weighs in petitioner's favor.

Finally, while the government has an interest in enforcing its immigration laws, the government's interest in detaining petitioner without a hearing is low, and the effort and cost required to provide petitioner with procedural safeguards are minimal. See Garcia v. Andrews,

No. 2:25-cv-01884 TLN SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Notice and custody determination hearings are routine procedures that are required under § 1226(a), which, as set forth above, governs petitioner's detention. See Rodriguez Vazquez, 2026 WL 2196424, at *5, 10, 26. Any burden associated with providing these processes is minimal and does not outweigh petitioner's substantial liberty interest or the high risk of the erroneous deprivation of liberty.

For the foregoing reasons, to justify petitioner's civil detention, at a minimum, due process required petitioner receive notice and a hearing before a neutral adjudicator.

D. Remedy

Because petitioner has been detained for six months without a bond hearing and respondent has not asserted an alternative lawful basis for petitioner's detention or extenuating circumstances that would warrant petitioner's continued unlawful detention pending a bond hearing, the undersigned recommends that respondent's motion to dismiss be denied, the petition be granted, and that petitioner be released from custody. See Avila v. Warden of the Golden State Annex Detention Facility, No. 1:26-cv-04006 DC AC, 2026 WL 1846724, at *2 (E.D. Cal. June 26, 2026) (granting immediate release for noncitizen who was detained after entering the United States on an unspecified date and living within the interior for an extended period of time); Yovani M.D., 2026 WL 2168402, at *4 (same as to noncitizen who was living in the United States for an unknown period of time); Alvarez Maciel v. Noem, No. 1:26-cv-01318 DC CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); Ortiz v. Chestnut, No. 1:26-cv-01167 DC SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years). The undersigned further recommends that, in light of Rodriguez Vazquez, respondent's request to hold this matter in abeyance be denied as moot.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED as follows:

a. Respondent shall IMMEDIATELY RELEASE petitioner MARIANO DIONEL MORENO RODRIGUEZ, A-234-995-315. At the time of release, respondent must return all of petitioner's documents and possessions.

b. Respondent shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

c. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner unless respondent provides at least 7 days' written notice to petitioner and holds a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondent will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

2. The order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

3. Respondent's motion to dismiss (ECF No. 6) be DENIED.

4. Petitioner's motion to expedite ruling (ECF No. 11) be DENIED as moot.

5. Within three days of an order adopting these findings and recommendations, respondent be required to file a notice of compliance confirming petitioner's release from custody.

6. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 18, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE